UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| THOMAS R. MERTZ, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 1:18-cv-1392 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| BYRON CENTER PUBLIC SCHOOLS, | ) | |
| et al., | ) | |
|     Defendants. | ) | |
| | ) | |

## ORDER

This is a civil action brought by Thomas Mertz. The matter is now before the Court on Mertz's objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Phillip J. Green (R&R ECF No. 86; Objections ECF Nos. 88, 89). For the reasons to be stated, the Court will overrule the objections, adopt the R&R as the opinion of the Court, and deny the motion.

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

By way of background: The parties in this case entered into a valid, enforceable settlement agreement on February 5, 2021, a fact that Mertz does not dispute. However, Mertz has continued to argue that Defendants have breached that settlement agreement by failing to tender payment to him within 60 days of February 5. But the reason for the non-payment is Mertz himself. Mertz has refused to sign the agreed-upon waiver of claims and release of liability, and he has refused to end this litigation or assure that no further litigation would be waged against Defendants. The settlement payment was predicated on Mertz's compliance with the settlement agreement (*see* ECF No. 72-1). Since March 2021, Mertz has been arguing to the Court that, while the parties settled the case, Defendants have breached the settlement agreement. At various times, Mertz has attempted to unilaterally change the settlement amount he is entitled to, and he has presented substantively the same arguments at each juncture. Each of Mertz's arguments before the Court today go to this same point.

On the Court's de novo review of the record, including Mertz's own statements on the record in several hearings before Magistrate Judge Green, the Court finds no error in

Magistrate Judge Green's May 20, 2021 Order or the corresponding R&R (ECF Nos. 85, 86). As Mertz himself has acknowledged on the record, the parties settled this matter and entered into an enforceable settlement agreement (*see* ECF No. 87 at PageID.2630). The Court has not and will not retain jurisdiction over the settlement agreement. To the extent that Mertz wishes to challenge Defendant's alleged breach of the agreement, he may not do so in this case.

As Magistrate Judge Green has repeatedly ruled, the settlement agreement disposes of all the claims in this lawsuit. Accordingly, there are no remaining claims to adjudicate, and this case must be dismissed.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the May 20, 2021 R&R (ECF No. 86) is **ADOPTED** as the opinion of the Court. This case is **DISMISSED** with prejudice.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** July 15, 2021                                       /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

3